**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 28, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

No. 03-20834

POOJA GOSWAMI, individually and on behalf of all others similarly
situated,

Plaintiffs-Appellants,

VERSUS

AMERICAN COLLECTIONS ENTERPRISE, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas

Before DAVIS, PRADO and PICKERING, Circuit Judges,

W. EUGENE DAVIS, Circuit Judge:

Plaintiff Pooja Goswami ("Goswami") challenges the district
court's order granting defendant American Collections Enterprise,
Inc.'s ("ACEI") motion for summary judgment. Plaintiff alleged
that ACEI's collection practices violated the Fair Debt Collections
Practices Act ("FDCPA"), in particular 15 U.S.C. §§ 1692f(8)
because it placed a "priority letter" marking on the collection
letter envelope; and under § 1692e(10) because it misled plaintiff

about the terms of a settlement offer in the body of the letter itself.  We agree with the district court's judgment denying relief for the markings on the envelope.  We disagree, however, with the district court's finding that the statement in the body of the letter is not deceptive and in violation of § 1692e(10); the letter leads an unsophisticated consumer to falsely believe that the settlement offer is a one time, take-it-or-leave-it offer.  Therefore, we AFFIRM in part, REVERSE in part, and REMAND.

I.

Defendant ACEI, a debt collector, contracted with Capital One in 2001 to provide debt collection services.  Under the terms of the collection agreement, Capital One assigned delinquent accounts to ACEI for collection, and ACEI collected these debts on a contingent fee basis.  Under the collection agreement Capital One gave ACEI the authority to settle any of its accounts at a discount according to the following formula:

| Account Balance | Days Since Charge-off | | | |
|---|---|---|---|---|
| | 0-90 | 91-180 | 181-730 | >730 |
| $0-$1,500 | 70% | 70% | 50% | 50% |
| $1,501-$3,000 | 70% | 50% | 50% | 40% |
| >$3,000 | 70% | 50% | 40% | 40% |

Plaintiff Goswami owed approximately $900 on her Capital One credit card and failed to pay.  Capital One referred that debt to ACEI for collection on March 20, 2001, and ACEI pursued Goswami's

2

delinquent account. It sent a collection notice letter to Goswami on December 7, 2001. A second form letter was sent on January 25, 2002, more than 180 days after the debt had been referred to ACEI. The second letter was sent to Goswami in an envelope which bore a half inch thick blue bar across the entire envelope which contained the words "Priority Letter" in white. ACEI admitted that the markings on the envelope had been developed to entice debtors to open the letter. The letter itself contained a second blue bar and "Priority Letter" marking as a header. The debt collection letter read, in relevant part:

> ***** Settlement Offer & Amnesty Period *****

> We are sending this letter in an attempt to clear your long and overdue account. Effective immediately, and only during the next thirty days, will our client agree to settle your outstanding balance due with a thirty percent (30%) discount off your above balance owed.

> This settlement must be in one payment and must be received in our office no later than 30 business days from the date of this letter unless you contact our office to make other arrangements.

After receiving the letter Goswami filed a complaint alleging violation of the FDCPA, in particular 15 U.S.C. §§ 1692f(8) and 1692e(10). Goswami complains that the markings on the envelope violate § 1692f(8), which prohibits any markings on debt collection letter envelopes besides the name and address of the sender and the addressee. She further complains that the contents of the letter were deceptive in violation of § 1692e(10).

ACEI moved for summary judgment arguing that neutral or benign

3

expressions on an envelope, like "priority letter," that in no way indicate that it is a collection letter are not banned by the FDCPA. It further argued that the letter itself was not deceitful and thus did not violate the Act. The district court agreed, granted the defendant's summary judgment motion, and dismissed the case. Goswami appeals that judgment.

## II.

We review the grant of summary judgment *de novo*, applying the same standards as the district court in determining whether summary judgment is appropriate. *Walker v. Thompson*, 214 F.3d 615, 624 (5th Cir. 2000). We must, therefore, find any disputed facts in favor of the non-moving party and determine whether there exists a genuine issue of material fact in the case. *Id.* All questions of law are reviewed *de novo*. *Id.* Given the lack of any real dispute of the facts in this case, we need only review *de novo* the district court's interpretation of the FDCPA.

## A.

Goswami asserts that the "priority letter" markings on the outside of the envelope violate the FDCPA which, plaintiff asserts, bars any markings on the outside of the envelope besides addresses. Goswami relies on 15 U.S.C. § 1692(f), which provides in relevant part:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without

limiting the general application of the foregoing, the following conduct is a violation of this section:

* * *

(8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

ACEI counters that the legislative history of the FDCPA, FTC interpretations of § 1692(f), and case law allow for harmless words or symbols on the outside of the envelope so long as they do not indicate that the correspondence is a debt collection letter.

In interpreting statutes we do not look beyond the plain meaning of the statute unless the statute is absurd or ambiguous. Without ambiguity we are not permitted to look to the legislative history or agency interpretations. *See Hightower v. Tex. Hosp. Ass'n*, 65 F.3d 443, 448 (5th Cir. 1995) ("Only if the language is unclear do we turn to the legislative history."); *see also Tex. Sav. & Cmty. Bankers Ass'n v. Fed. Housing Fin. Bd.*, 201 F.3d 551, 554 (5th Cir. 2000) ("When a court reviews an agency's construction of the statute it administers, it is confronted with two questions. First, always, is the question of whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress.").

5

In this case, however, the statutory provision in question *is* ambiguous, i.e., it is open to more than one reasonable interpretation. If we read § 1692f(8) in isolation it is reasonable to understand it as barring any markings on the outside of a debt collection letter envelope other than the names and addresses of the parties.

If, on the other hand, we read § 1692f(8) together with the opening paragraph or preface of § 1692f, then the provision takes on another reasonable meaning. Section 1692f begins by establishing its objective as prohibiting unfair and unconscionable conduct by debt collectors. The section then lists specific unfair or unconscionable conduct that is prohibited. Under this reading of the statute, subsection eight only prohibits markings on the outside of envelopes that are unfair or unconscionable, such as markings that would signal that it is a debt collection letter and tend to humiliate, threaten, or manipulate debtors.

Either interpretation of this statute is reasonable and thus the statute is ambiguous. *See Comm'r v. Engle*, 464 U.S. 206, 217 (1984) ("Each of these possible interpretations of [the statute] can be reconciled with the language of the statute itself. . . . Our duty then is to find that interpretation which can most fairly be said to be imbedded in the statute, in the sense of being most harmonious with its scheme and with the general purposes that Congress manifested." (internal quotation marks omitted)). Given

6

this ambiguity we are permitted to look to the statute's legislative history and any FTC interpretations of the provision. *Hightower*, 65 F.3d at 448; *Bolen v. Dengel*, 340 F.3d 300, 310 (5th Cir. 2003).

We are most persuaded by the FTC's commentary on the statute:[1]

> Harmless Words or Symbols. A debt collector does not violate this section by using an envelope with words or notations that do not suggest the purpose of the communication. For example, a collector may communicate via an actual telegram or similar service, that uses a Western Union (or other provider) logo and the word "telegram" (or similar word) on the envelope, or a letter with the word "Personal" or "Confidential" on the envelope.

FTC Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50,097, 50,108 (Dec. 13, 1988). The FTC therefore

---

[1] "The Supreme Court has ruled that '[i]nterpretations such as those in opinion letters--like interpretations contained in policy statements, agency manuals, and enforcement guidelines, all of which lack the force of law--do not warrant *Chevron*-style deference.'" *Bolen v. Dengel*, 340 F.3d 300, 310 (5th Cir. 2003) (quoting *Christensen v. Harris Cty.*, 529 U.S. 576, 587 (2000)). Although the FTC staff commentary on § 1692f(8) was opened to public comment, it was not a formal regulation, did not carry the force of law, and did not undergo full agency consideration. In fact the FTC makes clear in the commentary itself that the interpretations are advisory and are not binding on the public or the FTC:

> [The commentary] is a guideline intended to clarify the staff interpretations of the statute, but does not have the force or effect of statutory provisions. It is not a formal trade regulation rule or advisory opinion of the Commission, and thus is not binding on the Commission or the public.
> The Commentary is based primarily on issues discussed in informal staff letters responding to public requests for interpretations and on the Commission's enforcement program, subsequent to the FDCPA's enactment.

FTC Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50,097, 50,101 (Dec. 13, 1988). As such we do not give the commentary full *Chevron* deference. "Instead, interpretations contained in formats such as opinion letters are entitled to respect . . . but only to the extent that those interpretations have the power to persuade." *Christensen*, 529 U.S. at 587. We, therefore, consider the FTC staff commentary in this case only insofar as it is persuasive.

interprets § 1692f(8) to allow benign or harmless language, like "priority letter," to appear on the outside of the envelope.

This interpretation by the FTC is fully supported by the legislative history. The Senate report on the bill makes clear that § 1692f(8) was intended merely to prevent debt collectors from embarrassing debtors by announcing the delinquency on the outside of a debt collection letter envelope:

> A debt collector is prohibited from using any unfair or unconscionable means to collect debts. The following enumerated practices are violations: . . . . communicating information about a debt by postcard; and using symbols on envelopes indicating that the contents pertain to debt collection.

S. Rep. No. 95-382, at 8 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1702.

Finally, it appears that all courts that have considered this issue have adopted a benign language exception to § 1692f(8) that would allow for markings like "priority letter." *See Lindbergh v. Transworld Sys., Inc.*, 846 F. Supp. 175, 180 (D. Conn. 1994); *Johnson v. NCB Collection Servs.*, 799 F. Supp. 1298, 1305 (D. Conn. 1992); *Masuda v. Thomas Richards & Co.*, 759 F. Supp. 1456, 1466 (C.D. Cal. 1991).

Given this persuasive authority, we are convinced that the FDCPA does not bar the innocuous "priority letter" markings in this case. Nothing about the marking "priority letter" intimates that the contents of the envelope relate to collection of delinquent debts, and thus the language is neither threatening nor

8

embarrassing.  We therefore agree with the district court that the FDCPA does not bar the benign markings on the envelope in this case.

III.

Goswami further argues on appeal that the language of the debt collection letter itself is deceptive in violation of § 1692e(10) of the FDCPA because it gives a false sense of urgency, falsely implies that criminal actions are pending, and leads debtors to falsely believe that the settlement offered is the one and only chance to settle the debt with Capital One.  She therefore, contends that the district court erred in granting defendant's motion for summary judgment on the deception claim.  ACEI contends that the letter, when read as a whole, is in no way misleading and that therefore the district court correctly granted summary judgment.

Section 1692e(10) was enacted to thwart abusive, false, or misleading debt collection practices.  It provides in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> * * *
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

9

We must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard. *Taylor v. Perrin, Landry deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997). That is, in determining whether the defendant's actions are deceptive under the FDCPA we must assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors. This standard serves the purpose of protecting all consumers, "including the inexperienced, the untrained and the credulous, from deceptive debt collection practices[.]" *Id.* At the same time we do not consider the debtor as tied to the "very last rung on the [intelligence or] sophistication ladder." *Id.* (internal quotation marks omitted). We review the potential deceptiveness of ACEI's representations according to this standard.

Goswami first argues that the use of the "priority letter" language on the top of the letter is deceptive because it creates a false sense of urgency. She further argues that the use of the term "amnesty" in the "Settlement Offer & Amnesty Period" heading of the debt collection letter was deceptive because it suggested that Goswami needed amnesty from criminal prosecution, amounting to a veiled threat that criminal proceedings were possible.

Neither of these representations in the letter is false, deceptive, or misleading to even the least sophisticated consumer. The "amnesty" reference clearly refers to the debt forgiveness offer in the body of the letter and consumers, even unsophisicated

10

consumers, would not believe otherwise. The "priority letter" language is also harmless. It appropriately expresses the importance of correspondence concerning long overdue accounts and would not serve to intimidate or threaten even the most gullible debtor. We therefore agree with the district court that such language does not serve as the basis for a FDCPA claim.

The body of the debt collection letter, however, triggers greater concern. The letter states, falsely, that "<u>only during the next thirty days</u>, will our client agree to settle your outstanding balance due with a thirty (30%) percent discount off your above balance owed." (Emphasis added). In actual fact, Capital One had authorized ACEI to give debtors such as Goswami a 30% discount at *any time*, not just for a period of thirty days. In fact, ACEI was authorized to offer a 50% discount at the time Goswami received the collection letter in question. The statement in the collection letter is untrue and makes it appear that Capital One's offer of a 30% discount was a one-time, take-it-or-leave-it offer that would expire in thirty days. The obvious purpose of the statement was to push Goswami to make a rapid payment to take advantage of the purported limited time offer.

Defendant argues that courts have been eager to allow debt collection agencies to offer settlement discounts to debtors and that the settlement offer in this case should therefore be permitted. Courts favor such settlement offers because they

11

"result in the resolution of the debt without resorting to litigation, saving all parties involved the needless cost and delay of litigation[.]" *Lewis v. ACB Business Servs., Inc.*, 135 F.3d 389, 399 (6th Cir. 1998).

While we agree that it is important to permit collection agencies to offer settlements, that policy consideration does not remove collection agencies' obligation under the FDCPA to deal in a nondeceitful manner. A collection agency may offer a settlement; however, it may not be deceitful in the presentation of that settlement offer, as ACEI was in this case. ACEI made false or misleading statements about the settlement authority it held from Capital One both in the discount it was authorized to offer and the time within which Goswami was allowed to accept the offer. ACEI's deception is actionable under the FDCPA and is not excused because it is part of a debt collector's settlement offer.

We therefore agree with the district court's order insofar as it grants summary judgment on the "priority letter" and "amnesty" language. But we disagree with the district court's determination that the substance of the settlement offer is not deceptive under the FDCPA.

IV.

For the above reasons we affirm the district court's order granting summary judgment with respect to the § 1692f(8) claims regarding the language on the debt collection letter envelope; we

12

also affirm the district court's order with respect to the dismissal of the § 1692e(10) claims regarding the "priority letter" and "amnesty" language in the debt collection letter. However, we reverse the district court's order granting summary judgment on the claims for representations made in the body of the debt collection letter.

AFFIRMED in part, REVERSED in part, and REMANDED.